56 F.3d 59
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Edward V. ZOLOTAREVSKY Plaintiff, Appellant,
v.
CITY of WORCESTER, et al., Defendants, Appellees.
 No. 94-2242.
 United States Court of Appeals,
First Circuit.
 May 24, 1995.
 
 Edward V. Zolotarevsky on brief pro se.
 David M. Moore, City Solicitor, and Diana H. Horan, Assistant City Solicitor, on brief for defendants-appellees, City of Worcester, Massachusetts and Worcester Police Department.
 Joseph T. Black, Black & McCue on brief for defendant-appellee, Worcester Polytechnic Institute's Security Department.
 D.Mass.
 AFFIRMED.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have carefully reviewed the parties' briefs and the record on appeal. We affirm the district court judgment of November 14, 1994, essentially for the reasons stated in the magistrate judge's report and recommendation, dated August 30, 1994. We add only the following.
 
 
 2
 Contrary to plaintiff's suggestion, the Americans with Disabilities Act of 1990, Pub. L. No. 101-336 (codified at 42 U.S.C. Sec. 12101, et seq.) ("ADA") does not entitle him to a free lawyer in a civil case. Indeed, the ADA is not directed at the federal government at all. See, e.g., Title II of the ADA, 42 U.S.C. Sec. 12131 et seq., (prohibiting disability discrimination by instrumentalities of state and local governments).
 
 
 3
 In any event, the district court did not abuse its broad discretion in denying plaintiff's motion to appoint counsel in this civil case. Although plaintiff is legally blind, he was aided by his father in the drafting of the submitted papers. Plaintiff's request for appointed counsel was based on the not uncommon plea that, as a lay person, he is unschooled in the intricacies of the law. Nonetheless, the papers demonstrated an ability to research and argue the merits of his cause. His impaired vision did not adversely impact his ability to represent himself. In addition, the merits of the case and the relatively non-complex nature of the legal issues did not present the exceptional circumstances which would warrant the appointment of counsel. See DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991) (outlining the considerations underlying the decision to appoint counsel in civil cases).
 
 
 4
 Affirmed.